**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **RE IN FORMA PAUPERIS** |
| Plaintiff, | ) | **AND 1915A SCREENING** |
| | ) | |
| vs. | ) | Case No. 1:06-cv-030 |
| | ) | |
| Gary A. Gardner, | ) | |
| | ) | |
| Defendant. | ) | |

---

## I.    BACKGROUND

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a *pro se* complaint with this court under 42 U.S.C. § 1983 alleging a violation of his civil rights.  He is suing the named defendant for actual damages and his court costs and attorney's fees. He also moved to proceed *in forma pauperis* in this case.

The following is the undersigned's report and recommendation with respect to the review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A and his application to proceed *in forma pauperis* under 28 U.S.C. § 1915a.

## II.    DISCUSSION

### A.    Standard Governing Initial Review

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Background**

Plaintiff presently is an inmate at the North Dakota State Penitentiary. In 1994, he was incarcerated at the Grand Forks County Correctional Center awaiting trial when he requested to have a tooth pulled because he was in severe pain. After the tooth was taken out, the Correctional Center presented him with a bill for $197.00, which included a $78.00 after-hours fee, and charged his prisoner account for the full amount.

Plaintiff's complaint is with respect to the after-hours fee. He asserts that he should not be required to pay the after-hours charge because he had no control as to when he was taken to the dentist.

After unsuccessfully pursuing his administrative grievance remedies, plaintiff filed a declaratory action in state district court challenging the after-hours fee charge. The district court

2

dismissed the action and the plaintiff appealed to the North Dakota Supreme Court, which upheld the dismissal and denied plaintiff any relief.   Wheeler v. Gardner, 2006 ND 24, 708 N.W.2d. 908.

In an attempt to make a federal claim under § 1983, Plaintiff claims that the charging of his prison account without first affording him a hearing violated the provisions of N.D.C.C. § 12-44.1-12.1(2), which he claims entitled him to a hearing.

Plaintiff states in his complaint that he presented this same due process claim to both the state district court and the North Dakota Supreme Court, but that they ignored it.   A review of the North Dakota Supreme Court's opinion indicates that, although the court did not specifically address plaintiff's due process claim, it did state at the end of its opinion that it found the remainder of plaintiff's claims to be without merit.

Based on plaintiff's assertion that he presented his due process claims to the state courts and the decision of the North Dakota indicating it had rejected all of plaintiff's arguments, plaintiff's present claim is likely barred by the doctrine of *res judicata*.  Nevertheless, for the reasons discussed below, it is apparent from plaintiff's complaint that he does not have a federal constitutional claim. Consequently, plaintiff's request to proceed *in forma pauperis* should be denied.

###    C.    Plaintiff has no federal constitutional claim

The Eighth Circuit has recognized that prisoners have a property interest in money received from outside sources and deprivation of that money implicates the due process rights of the inmates. See Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996); Reynolds v. Wagner, 128 F.3d 166, 179 (3rd Cir. 1997); Jenson v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981).  Prisoners, however, may not have a constitutionally protected interest in wages earned while in prison.  See Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998); Hrbek v. Farrier, 787 F.2d 414 (8th Cir. 1986).  Because this

court must determine whether the complaint provides relief  "on any possible theory," it will be assumed for screening purposes that plaintiff could prove that the money that was deducted was from outside sources and that he has constitutionally protected interest in the funds.

Plaintiff's assertion that he was denied his due process rights because the Corrections Center failed to follow state law is misplaced.  If plaintiff has a protected liberty interest, it is in the nature of that protected interest itself and not in the procedures by which the state believes it can best determine how to handle such interests.  Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (citing Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); Griffin-El v. Delo, 34 F.3d 602, 604 n. 3 (8th Cir.1994) (inmate does not have a liberty interest in a particular procedure)).

"The Due Process Clause of the Fourteenth Amendment, not state law, governs the procedures which the state must follow in depriving [a prisoner] of a substantive liberty interest." Id.  (citing Vitek v. Jones, 445 U.S. 480, 491 (1980); Brown v. Frey, 889 F.2d 159, 166 (8th Cir.1989) ("[T]he court's inquiry is not whether the [state] statute and therefore the Constitution is violated but whether the process afforded plaintiff 'satisfied the minimum requirements of the Due Process Clause.'") (quoting Hewitt v. Helms, 459 U.S. 460 472 (1983)).  Therefore, when a plaintiff's "only argument is that the state failed to follow its own procedural rules and thus failed to afford him the due process of law mandated by the Constitution," the claim must fail because the "Due Process Clause does not federalize state-law procedural requirements."  Kennedy v. Blankenship, 100 F.3d at 643. (citing Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir.1993) (assertion that state violated its own procedural guidelines does not state a federal claim);

Swenson v. Trickey, 995 F.2d 132, 135 (8th Cir. 1993) (inmate may not base a § 1983 procedural due process claim on violation of state procedural law)).

While "ordinarily, due process requires that the notice and opportunity for a hearing precede any deprivation of a significant property interest," the Due Process Clause does not require a trial-type hearing in every conceivable cause of government impairment of private interest nor does it always require a pre-deprivation notice and opportunity to be heard.  C.J.S. Constitutional Law § 1507 (2005); Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 894 (1961).  The Supreme Court has held that "deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Green v. Lombardi, 36 F.3d 1100 (8th Cir. 1994) (holding prison did not deprive prisoner of his due process after it withdrew funds from prisoner's account because adequate state post-deprivation remedies were available).  "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation."  McElroy, 367 U.S. at 895.  "(D)ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances."  Id. (citations omitted).

In this case, plaintiff's claim is that the Corrections Center violated his right to a pre-deprivation hearing that plaintiff claims was required by  N.D.C.C. § 12-44.1-12.1.  However, for the reasons indicated, federal due process does not require a pre-deprivation hearing in this instance and plaintiff's claim of violation of state law does not give rise to a federal constitutional claim.

Finally, plaintiff states in his complaint that he was allowed to file grievances with the Correction Center when the charges were imposed.   Although his grievances were denied, he was afforded a contemporaneous notice and opportunity to be heard.  Consequently, even if plaintiff's complaint could be construed as pleading a claim broader than a due process violation premised upon  an alleged right to a hearing under N.D.C.C. § 12-44.1-12.1,  it is clear that there has been no violation of federal due process.[1]  Consequently, plaintiff has no cognizable claim under 42 U.S.C. § 1983.

## III.    CONCLUSION AND RECOMMENDATION

Having conducted an initial review of plaintiff's complaint and viewing the mentioned claims in a light most favorable to the plaintiff, it is hereby **RECOMMENDED** that the plaintiff's claim be dismissed without prejudice and his application to proceed *in forma pauperis* be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 24th day of May, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge

---

[1] The court notes that the case was most likely filed in the wrong district because the defendant appears to be from the Northeastern division.  Any further filings regarding this claim against this defendant should be filed in the appropriate division, the Northeastern division.